IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANAVERDE LLC, | ) | Case No.: _____ |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S APPLICATION FOR ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF CROSS & SIMON, LLC AS BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

Anaverde LLC (the "Debtor") hereby applies (the "Application") for entry of an order under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), and rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Cross & Simon, LLC ("Cross & Simon") under a general retainer as the Debtor's attorneys in the above-captioned chapter 11 case. In support of the Application, the Debtor relies upon and incorporates by reference the affidavit of Kevin S. Mann (the "Mann Affidavit") which is attached hereto as Exhibit "A". In further support of the Application, the Debtor respectfully represents as follows:

## BACKGROUND

1. On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the declaration of John

Miles the "Miles Declaration"), filed concurrently herewith and fully incorporated by reference.[1]

2.  The Debtor continues to operate its businesses as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  As of the filing of this Motion, no trustee, examiner or committee has been appointed in this chapter 11 case.

## JURISDICTION

4.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district in accordance with 28 U.S.C. §§ 1408 and 1409. No trustee or examiner has been appointed in this case.

5.  The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code.

## RELIEF REQUESTED

6.  The Debtor desires to retain and employ Cross & Simon as its bankruptcy counsel in this chapter 11 case. By this Application, the Debtor requests that the Court enter an order authorizing the Debtor to employ and retain Cross & Simon as the Debtor's counsel, effective as of the Petition Date, to represent the Debtor in all phases of this chapter 11 case.

## BASIS FOR RELIEF

7.  Under section 327(a) of the Bankruptcy Code, a debtor-in-possession may employ one or more attorneys that do not hold or represent any interest adverse to the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Miles Declaration.

estate and that are disinterested persons to represent the debtor-in-possession in carrying out its duties under the Bankruptcy Code.[2]

8. The Debtor has retained and employed Cross & Simon as its attorneys in connection with the preparation, filing and, subject to the entry of an order approving the retention of Cross & Simon, the prosecution of this chapter 11 case. The Debtor also desires to employ and retain Cross & Simon as its attorneys to provide such other legal services that are necessary and appropriate including, without limitation, general corporate and litigation services relating to this reorganization case.

9. The Debtor selected Cross & Simon because of the firm's experience, knowledge and resources in the fields of, *inter alia*, debtors' and creditors' rights in business reorganizations under chapter 11 of the Bankruptcy Code, general corporate and commercial law, and because of Cross & Simon's expertise, experience, and knowledge of practicing before this Court, its proximity to the Court, and its ability to respond quickly to emergency hearings and other matters in this Court. Cross & Simon has become familiar with the Debtor's affairs. Accordingly, Cross & Simon is well qualified to deal effectively with the potential legal issues or problems that may arise in the context of this chapter 11 case.

10. Subject to the Court's approval, Cross & Simon will render the following professional services to the Debtor:

    a. Perform all necessary services as the Debtor's counsel in connection with this chapter 11 case, including, without limitation, providing the Debtor

---

[2] With limited exceptions, the rights and duties of the debtor-in-possession are the same as those of a trustee or examiner as set forth in section 1106 of the Bankruptcy Code. See 11 U.S.C. §§ 1106 and 1107.

with advice concerning its rights and duties, representing the Debtor, and preparing all necessary documents, motions, applications, answers, orders, reports and papers in connection with the administration of this chapter 11 case on behalf of the Debtor;

    b.    Take all necessary actions to protect and preserve the Debtor's estate during the pendancy of this chapter 11 case, including prosecute actions by the Debtor, defend any actions commenced against the Debtor, negotiate all litigation in which the Debtor is involved, and object to claims filed against the estate;

    c.    Represent the Debtor at hearings, meetings, and conferences on matters pertaining to the affairs of the Debtor as a debtor-in-possession; and

    d.    Perform all other necessary legal services.

11.    Subject to Court approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and applicable orders and Local Rules of this Court, the Debtor proposes to pay Cross & Simon its customary hourly rates in effect from time to time as set forth in the Mann Affidavit, plus reimbursement of actual, necessary expenses incurred by Cross & Simon on the Debtor's behalf. The following are Cross & Simon's current hourly rates for work of this nature:

    Partners: $390.00

    Associates: $220.00 – $390.00

    Paraprofessionals: $150.00

These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

12.    Because it is probable that the Debtor will require Cross & Simon to render extensive legal services, the cost of which cannot be estimated with certainty, it is

necessary and essential that the Debtor employ its attorneys under a general retainer to render the foregoing services.

13. To the best of the Debtor's knowledge, information, and belief, none of Cross & Simon's partners, counsel or associates hold or represent any interest adverse to the Debtor's estate, and Cross & Simon is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code. The Debtor's knowledge, information and belief regarding the matters set forth herein are based, and made in reliance, upon the Mann Affidavit.

14. Cross & Simon does not and has not represented any entity, other than the Debtor, in matters relating to this chapter 11 case. Cross & Simon may represent or may have represented certain parties in interest in the Debtor's case, on matters unrelated to this chapter 11 case. As set forth in the Mann Affidavit, Cross & Simon has conducted, and continues to conduct, research into its relations with the Debtor, its officers and directors, its creditors and equity security holders, and other parties interested in this case. As part of this inquiry, Cross & Simon has obtained the names of individuals or entities who may be parties in interest in this chapter 11 case (the "Potential Parties In Interest"). Cross & Simon then entered the names of Potential Parties In Interest into a computer database containing names of all clients and conflict information concerning the clients of Cross & Simon. The result of this inquiry is set forth in detail in the Mann Affidavit. The Debtor believes that Cross & Simon is disinterested as required by the Bankruptcy Code.

15. While Cross & Simon has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that

connections with some parties in interest have not yet been identified. Should Cross & Simon, through its continuing efforts or as this case progresses, learn of any new connections of the nature described above, Cross & Simon will so advise the Court.

16. Cross & Simon and certain of its partners, counsel and associates may, in the future, represent parties in interest of the Debtor in connection with matters unrelated to the Debtor and this case.

17. Prior to the Petition Date, Cross & Simon received from the Debtor as a retainer for legal services rendered and expenses (including filing fees) incurred in contemplation of the preparation, commencement and prosecution of this case, $25,000.00 on December 4, 2009, as set forth in the Mann Affidavit. Any portion of the general retainer that has not yet been applied to pre-petition fees and expenses will be applied when such amounts are identified, and should any of the amounts remain after such application, the remainder will be held for and applied against fees and expenses incurred after the Petition Date. Cross & Simon has received no other funds or transfers from the Debtor other than those identified above.

18. Cross & Simon will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by the bankruptcy estate.

## **NOTICE**

19. Notice of this Application has been given to (a) the Office of the United States Trustee, (b) the Debtor's pre-petition secured creditors, and (c) the entities appearing on the list of creditors holding the twenty (20) largest unsecured claims against

the Debtor. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) authorizing the Debtor to retain and employ Cross & Simon, as of the Petition Date, as its attorneys in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code, and (b) granting such other and further relief as is appropriate.

Respectfully Submitted,

ANAVERDE LLC
*Debtor and Debtor-in-Possession*

By: _____
Christopher Yelich

Dated: January 15, 2010