# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANAVERDE LLC, | ) | Case No. 10-10113(MFW) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 13** |
| | ) | |

**ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE, (C) APPROVING NOTICE OF RESPECTIVE DATES, TIMES AND PLACES FOR AUCTION AND HEARING ON APPROVAL OF (I) SALE AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE PROCESS AND OF APPROVAL HEARING, AND (E) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of Anaverde LLC for an Order: (A) Approving Procedures for the Sale of the Debtor's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Notice of Respective Dates, Times and Places for Auction and Hearing on Approval of (I) Sale and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice of Sale Process and of Approval Hearing, and (E) Granting Related Relief (the "Sale Procedures Motion"),[1] filed on January 15, 2010 by the debtor Anaverde LLC ("Anaverde" or the "Debtor"), a debtor and debtor in possession in the above-captioned bankruptcy case, the Court having reviewed the Sale Procedure Motion and having heard the statements of counsel regarding the relief requested in the Sale Procedures Motion at a hearing before the Court (the "Sale Procedures Hearing"), the Court finding and concluding that:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Sale Procedures Motion.

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2);

C. Venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

D. Notice of the Sale Procedures Motion and the Sale Procedures Hearing was sufficient under the circumstances;

E. The *Notice of Sale Process and Approval Hearing* attached to the Sale Procedures Motion as Exhibit C (the "Sale Procedures Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction.

F. The *Notice to Counterparties to Executory Contracts and Unexpired Leases that May be Assumed and Assigned*, substantially in the form of Exhibit B to the Sale Procedures Motion (the "Cure Notice"), is reasonably calculated to provide all counterparties to the Debtor's executory contracts and unexpired leases with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any cure amounts related thereto.

G. The relief granted herein is in the best interest of the Debtor and its estate and creditors and is necessary and appropriate to assist the Debtor in its efforts to obtain the maximum value for the estate; and

H. The Court having determined that the legal and factual basis set forth in the Sale Procedures Motion and at the Sale Procedures Hearing establish just and sufficient cause for the relief requested; and due deliberation having been had; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Sale Procedures Motion is granted.

2. All objections to the relief requested in the Sale Procedures Motion with respect to the Sale Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Sale Procedures Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3. The Debtor is hereby authorized to enter into and execute the Agreement and to perform such obligations under the Agreement which arise prior to the Sale Hearing.

4. The *Sale Procedures* attached hereto as **Exhibit A** (the "Sale Procedures") are approved and the Debtor is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures

5. The *Notice of Sale Process and Approval Hearing* attached hereto as **Exhibit C** (the "Sale Procedures Notice"), is approved and shall be served with the Sale Motion on all creditors of the Debtor and all persons that had been served with the Sale Procedures Motion.

6. The *Notice to Counterparties to Executory Contracts and Unexpired Leases that May be Assumed and Assigned*, substantially in the form attached hereto as **Exhibit B** (the "Cure Notice"), is approved and shall be served on each Debtor's contract counterparties and lessors with executory contracts and unexpired leases that the Debtor may seek to assume and/or assign in conjunction with the sale of the Debtor's assets (the "Assumed Executory Contracts") within five (5) business days of the date of this order; provided however that the Debtor may withdraw any Cure Notice by filing such a withdrawal with the Court up to the time of the closing of the Sale Transaction.

7.  The deadline for submitting bids pursuant to the Sale Procedures shall be March 31, 2010 at 12:00 p.m. prevailing Eastern Time.

8.  All Qualified Bidders will be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Assets.

9.  The Auction pursuant to the Sale Procedures shall commence on April 7, 2010 at 10:00 a.m. prevailing Eastern Time. If the Debtor does not receive any Qualified Bids other than the Agreement, the Auction will be cancelled and the Stalking Horse Bidder will be named the Winning Bidder.

10. The hearing to consider the Sale Motion shall be held on April 14, 2010 at 10:30 a.m. (prevailing Eastern time) (the "Sale Hearing") before the Honorable Mary F. Walrath, at the United States District Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801. The deadline to object to (a) the relief sought in the Sale Motion, (b) the Debtor's conduct of the Auction, and (c) other than as expressly set forth below, the assumption and/or assignment of or cure amount for an executory contract or unexpired lease identified in a cure notice is April 9, 2010 at 12:00 p.m. (prevailing Eastern time). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

11. The Debtor shall serve the Sale Motion and Cure Notice upon each counterparty to an Assumed Executory Contract. The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any objection to the

assumption and assignment of Assumed Executory Contracts must be filed and served. The Cure Notice also shall identify, the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts"). If a contract or lease is assumed and assigned pursuant to this Court's order approving same, then unless, the Assumed Executory Contract counterparty properly and timely files and serves an objection to the Cure Amount contained in the Cure Notice, the Assumed Executory Contract counterparty shall receive at the time of the closing of the sale (or as soon as practicable thereafter), the Cure Amount as set forth in the Cure Notice, if any, with payment made pursuant to the terms of the Agreement, as executed and delivered at closing by the Debtor. If an objection is filed by a counterparty to an Assumed Executory Contract, such objection must set forth a specific default in any executory contract or unexpired lease and claim a specific monetary amount that differs from the amount, if any, specified by the Debtor in the Cure Notice.

12. If any counterparty objects for any reason to the assumption and assignment of an Assumed Executory Contract, the counterparty must file the objection by no later than (i) 12:00 p.m. prevailing Eastern time on April 9, 2010, or (ii) the date otherwise specified in the Cure Notice (or, alternatively, the date set forth in the motion to assume such Assumed Executory Contract if such contract is to be assumed and assigned after the Sale Hearing); *provided, however,* that any counterparty may raise at the Sale Hearing an objection to the assumption and assignment of an Assumed Executory Contract solely with respect to the Winning Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract.

13. The Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under section 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory Contract, as will be provided in the Sale Motion. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to section 365(b) of the Bankruptcy Code at the Sale Hearing. Cure Amounts disputed by any counterparty will be resolved by the Court at the Sale Hearing.

14. Except to the extent otherwise provided in the applicable purchase and sale agreement, subject to the payment of any Cure Amounts, the assignee of the Assumed Executory Contracts will not be subject to any liability to you that may be accrued or arisen before the closing date of the sale of the assets and the Debtor shall be relieved of all liability accruing or arising thereafter pursuant to section 365(k) of the Bankruptcy Code.

15. The Stalking Horse Purchaser and its affiliates are authorized to make one or more credit bids at the Auction equal to any or all outstanding obligations owed by the Debtor to the Stalking Horse Purchaser under the DIP Credit Agreement, pursuant to section 363(k) of the Bankruptcy Code.

16. The Stalking Horse Purchaser shall have standing to object to the sale of the Assets to the Winning Bidder other than the Stalking Horse Purchaser. This Order shall not be a determination regarding the Stalking Horse Purchaser's standing regarding any other issue in connection with the Sale.

17. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: __Feb. 5__, 2010
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge