# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANAVERDE LLC, | ) Case No. 10-10113 (MFW) |
| | ) |
| Debtor. | ) **Deadline for Submitting Bids:** |
| | )     March 31, 2010 at 12:00 p.m. (ET) |
| | ) **Auction Date:** |
| | )     April 7, 2010 at 10:00 a.m. (ET) |
| | ) **Deadline for Objections to Sale:** |
| | )     April 9, 2010 at 12:00 p.m. (ET) |
| | ) **Hearing Date for Approval of Sale:** |
| | )     April 14, 2010 at 10:30 a.m. (ET) |

## SALE PROCEDURES

These Bidding Procedures set forth the process by which the Debtor, Anaverde LLC ("Anaverde" or the "Debtor") may effectuate a sale of all or substantially all of its assets, as a going concern, as contemplated by the Debtor's proposed Plan. The Sale Procedures were approved by order dated _____, 2010 (the "Sale Procedures Order") of the United States Bankruptcy Court for the District Court of Delaware (the "Bankruptcy Court") (in which the Debtor's Chapter 11 case is pending, Case No. 10-10113 (MFW)), upon a Motion of Anaverde LLC for an Order: (A) Approving Procedures for the Sale of the Debtor's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Notice of Respective Dates, Times and Places for Auction and Hearing on Approval of (I) Sale and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice of Sale Process and of Approval Hearing, and (E) Granting Related Relief (the "Sale Procedures Motion").

On February 4, 2010 the Debtor entered into an asset purchase agreement (the "Agreement") with New Anaverde LLC (the "Stalking Horse Purchaser"), pursuant to which the Stalking Horse Purchaser proposed to acquire substantially all of the Debtor's assets (the "Assets") related to the Project except for the Excluded Assets. Pursuant to the Agreement, the Stalking Horse Purchaser would provide consideration for the Assets in an amount equal to the sum of: **(i)** $10,475,000 cash;[1] plus **(ii)** an amount equal to 12% per annum, compounded annually, on $10,125,000 from December 24, 2009 until $10,125,000 is disbursed to Cadim, but in no event more than $948,699; plus **(iii)** Cadim's unreimbursed expenses, but in no event more than $383,000; plus **(iv)** A right, payable in the future if at all, to 25% of the cash profits from sales of land included in the Project which (i) are received by the Buyer during the two-year

---

[1] Cadim has agreed to gift to the unsecured creditors, $350,000 of cash proceeds from the Sale Transaction which would otherwise be payable to Cadim for its Secured Claim.

- 1 -

period following consummation of the plan, and (ii) exceed the sum of (a) $26,600,000;(b) the amount paid under 22.A.(2), (c) any other amounts paid by the Buyer under the Plan of Liquidation and/or Sale Transaction not listed in the prior subsections, (d) the amount advanced by New Anaverde, LLC under the DIP Credit Facility, (e) any other amounts paid by New Anaverde, LLC under the Plan of Liquidation and/or Sale Transaction, and any other out-of-pocket costs or investments by Debtor or Buyer after November 30, 2009, which are related to the Project, or listed in the prior subsections, and **(v)** Assumed Liabilities as set forth in the Agreement (collectively, the "Purchase Price"). The Sale contemplated by the Agreement is subject to competitive bidding as set forth herein, and approval of the Bankruptcy Court pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code").

**A. Actions Leading Up to the Submission of Bids:** Until seven (7) days prior to the Auction, the Debtor will qualify potential bidders ("Bidders") according to their financial qualifications to consummate a Sale Transaction. All potential Bidders will be required to complete and execute a confidentiality agreement satisfactory to the Debtor prior to conducting any due diligence. Bidders having initially satisfied the Debtor as to their financial qualifications to consummate a Sale Transaction and having executed a confidentiality agreement with the Debtor generally will be allowed to perform reasonable due diligence, including being granted reasonable access to the books, records and executives of the Debtor.

Any party that wishes to take part in this process and submit a Bid should contact the counsel to the Debtor, at the offices of Cross & Simon LLC, 913 N. Market St., 11th Floor, Wilmington, DE 19899-1380.

Upon the submission by a Bidder of a written, non-binding expression of interest to the Debtor describing the terms of the Sale Transaction that the Bidder would be proposing (including assets to be purchased, price and other material terms and conditions), the Debtor will circulate to such Bidder a word version of the Agreement, as executed by the Debtor and the Stalking Horse Purchaser (the "Form of Agreement"), and will be prepared to commence discussions and, if appropriate, negotiations regarding the terms of such Bidder's proposal Prospective Bidders are encouraged to begin discussions and, if appropriate, negotiations with the Debtor well in advance to the deadline for the submission of bids set forth below.

**B. Deadline for Submission of Bids:** Any Bidder that wishes to take part in the Sale Process must submit a written bid (a "Bid") so as to be received by the Notice Parties on or before March 31, 2010 at 12:00 p.m. (prevailing Eastern Time) (the "Bid Deadline")

**C. Form of Bid:** The Bid must be submitted in a form substantially consistent with the Form of Agreement and must include a black-lined copy of the Agreement (the "Modified Agreement") that shows all changes requested by the Bidder. A Bid must contain, at a minimum, a memorandum detailing the assets to be purchased, the form of consideration (cash, notes, etc.) to be provided to satisfy the purchase price, any conditions to the Bidder's obligation to purchase such assets, evidence of the Bidder's ability to consummate the Sale Transaction and confirmation by such Bidder that the Sale Transaction reflected in its Bid is not contingent upon financing or additional due diligence.

Each Bid shall be for all of the Assets.

Each Bid shall have an initial minimum bid requirement equal to the sum of (i) the Purchase Price, and (ii) $100,000 (the "Minimum Initial Bid").

In addition, all Bids must be accompanied by a draft Purchase Agreement (hard copy and electronic version in Microsoft Word) reflecting the applicable Bid and the other terms and conditions of the Sale Transaction proposed by the Bidder, which Purchase Agreement shall be prepared utilizing the Form of Sale Agreement. The Debtor reserves the right to request from all Bidders an earnest money deposit of $250,000, which shall be held in escrow and shall not become property of the Debtor's estate pending the Approval Hearing. To the extent so requested, the earnest money requirement would be applied to all parties submitting Bids. Such deposit shall be nonrefundable if the Bidder is designated as the Winning Bidder (defined below) and fails to close. The Debtor may refuse to consider any Bid that does not strictly comply with the terms set forth above.

The Debtor and all other entities shall keep each such Bid confidential in accordance with the applicable confidentiality agreement, with access restricted to the Debtor, its professionals, the Creditors Committee and the Office of the United States Trustee. However, Bids may be revealed to any other entity at the option of the Debtor, and are expected to be revealed during the Auction. The Debtor may request additional information from a Bidder (whether previously qualified or not) in order to evaluate the Bidder's ability to consummate a Transaction and to fulfill its obligations in connection therewith, and such Bidder shall be obligated to provide such information as a precondition to participating further in the Sale Process.

**D. Selection of Qualified Bidders:** By 2:00 p.m. prevailing Eastern time on April 2, 2010, the Debtor shall notify each party that submitted a Bid either that its Bid (i) satisfies the requirements of the Bidding Procedures, and therefore that it may be a "Qualified Bidder" authorized to participate in the Auction, or (ii) does not satisfy the requirements of the Bidding Procedures such that it would not be beneficial to the Debtor's estate to further consider the Bid, and thus such party will not be a Qualified Bidder and will not be allowed to take part in the Auction. However, if a party approaches the Debtor prior to the commencement of the Auction without having submitted a Bid, but is able to establish its financial wherewithal to consummate a Sale Transaction and is willing to make an offer on substantially the same terms as those set forth in a previously proposed Sale Transaction which the Debtor has deemed a Qualified Bid, the Debtor may deem such party to have provided a Bid such that it may take part in the Auction.

**E. Auction and Selection of Winning Bid:** The Debtor will convene a meeting of all Qualified Bidders that have been notified that they are entitled to participate in accordance with the Bidding Procedures at 10:00 a.m., prevailing Eastern time, on April 7, 2010, or such later date as the Debtor may set, at the offices of Cross & Simon LLC, 913 N. Market St., 11th Floor, Wilmington, DE 19899-1380.

**F.** If, no Qualified Bid, other than the Stalking Horse Purchaser is received by the Bid Deadline, the Debtor will report the same to the Bankruptcy Court, cancel the

Auction, declare the Stalking Horse Purchaser the Winning Bidder and will proceed to seek entry of an order approving the sale of the Assets pursuant to the terms of the Agreement.

G. This Auction will begin with the Debtor's presentation of the then existing highest and best Bid, as determined by the Debtor (the "Baseline Bid"). All other Qualified Bidders shall then be entitled to propose a superior Sale Transaction, by providing higher and better bids than the initial best Bid. An "Overbid" is any bid made at the Auction subsequent to the Debtor's announcement of the Baseline Bid. Any Overbid must be made in increments of at least $100,000 over the previous highest or otherwise best bid. Despite the terms of any other Bid, the Debtor reserves the right to (i) declare the precise terms and conditions of a single proposed Sale Transaction to be the then existing highest and best Bid; (ii) declare that all further Bids made at the Auction be on the basis of a specified form or structure of a Sale Transaction reflected in an Initial Best Bid or in any other form or structure that the Debtor specifies; and (iii) declare the bidding at the Auction closed.

H. **Determination of Winning Bid:** Following the Auction, the Debtor shall determine in good faith based upon all factors it deems relevant which Bid constitutes the highest and best Sale Transaction, in determining the Winning Bidder, the Debtor will consider various factors including, but not limited to: (i) the Debtor's ability to satisfy the conditions to closing the Sale Transaction, (ii) the inherent valuation of the Debtor that such Bid represents, (iii) the time required to consummate the Sale Transaction contemplated by the Bid, (iv) other terms of the Bid, in light of the impact on the Debtor and the likelihood of and timing of closing, and (v) the ability of the Bidder and the Debtor to consummate the Sale Transaction and confirm the Plan within a timeframe consistent with the Debtor's budget and projections.

I. **Notice of the Winning Bid:** On or before April 8, 2010, the Debtor will transmit a notice of the Winning Bid by telecopy, electronic mail transmission, or overnight delivery, to the following entities only: (i) the Office of the United States Trustee; (ii) counsel to the Creditors Committees; (iii) any party that requests in writing that it be sent such a notice; and (iv) any other entities the Debtor desires to receive notice.

J. **Hearing to Approve the Results of the Sale Process:** The Court will convene the Sale Approval Hearing to approve the Sale Transaction, which will be implemented through the Plan, with the Winning Bidder on April 14, 2010 at 10:30 a.m.

K. **Closing:** The closing on the Sale Transaction with the entity that submitted the Winning Bid would occur on the Effective Date of the Debtor's Plan.

L. **Failure to Obtain Court Approval of the Transaction:** If for any reason the Court does not approve a Sale Transaction with the Winning Bidder, the offeror of the second highest and best bid at the Auction, as determined by the Debtor, will automatically be deemed to have submitted the highest and best bid, and to the extent the Debtor consents, the Debtor and such offeror will be authorized and directed to effect the Sale Transaction with such offeror pursuant to the Plan. If such failure to gain Court approval is the result of a breach by the Winning Bidder, such breaching Bidder's deposit shall be forfeited to the Debtor, and the Debtor specifically reserves the right to seek all other available damages from the defaulting Bidder.

    **M.**  **Return of Deposits:** Within two (2) business days after the adjournment of the Auction, the deposits, if any, of all participating Bidders who are not the Winning Bidder or the second highest and best Bidder shall be returned.

    **N.**  **Reservation of Rights; Deadline Extensions:** The Debtor reserves its rights to: (i) impose, at or prior to the Auction, additional terms and conditions on any Sale Transaction; (ii) extend the deadlines set forth in the Bidding Procedures, adjourn the Auction, and/or adjourn the Approval Hearing in open court without further notice; and (iii) withdraw consideration of the Sale Transaction at any time prior to or during the Auction and make subsequent attempts to market the same.

### Free of Any and All Interests

  Except as otherwise provided in the executed and delivered Agreement, with the Winning Bidder and subject to the approval of the Bankruptcy Court, all of the Debtor's right, title and interest in and to the sold assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Interests") other than claims, liabilities and obligations of the Debtor expressly assumed by the Winning Bidder in its Agreement and third party property interests in which the assets are subject in accordance with Bankruptcy Code § 363(f), with such Interests to attach to the net proceeds of the sale of the Debtor's Assets.

### Additional Procedures

  The Debtor, as appropriate and in their reasonable discretion may adopt rules for the Auction at or prior to the Auction that should better promote the goals of the Auction that are not materially inconsistent with any of the provisions of the Sale Procedures Order.