# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANAVERDE LLC, | ) Case No. 10-10113(MFW) |
| | ) |
| Debtor. | ) **Cure Objection Deadline:** |
| | ) April 9, 2010 at 12:00 p.m. (ET) |
| | ) **Sale Hearing:** |
| | ) April 14, 2010 at 10:30 a.m. (ET) |

## NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

PLEASE TAKE NOTICE, that on January 15, 2010, the above-captioned debtor and debtor in possession (the "Debtor") commenced this chapter 11 bankruptcy case. On January 15, 2010, the Debtor filed Motion of Anaverde LLC for an Order: (A) Approving Procedures for the Sale of the Debtor's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Notice of Respective Dates, Times and Places for Auction and Hearing on Approval of (I) Sale and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice of Sale Process and of Approval Hearing, and (E) Granting Related Relief (the "Sale Procedures Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on _____, 2010, the Court entered an order approving the Sale Procedures Motion (the "Sale Procedures Order"), which governs (i) the bidding and sale process (the "Sale Procedures") for the sale of the Debtor's assets; and (ii) the procedures for the assumption and assignment of certain executory contracts and unexpired leases of the Debtor.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Sale Procedures Motion.

PLEASE TAKE FURTHER NOTICE that the Debtor filed a motion (the "Sale Motion") seeking Court approval of the sale of the Debtor's assets to the highest and best bidder(s) at an auction scheduled on April 7, 2010 at 10:00 a.m. (prevailing Eastern time), free and clear of all liens, claims an encumbrances pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), with all liens, claims and encumbrances to attach to the proceeds of the sale with the same validity and in the same order of priority as they attached to the assets prior to the sale, including assumption by the Debtor and assignment to the buyer of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code (the "Assumed Executory Contracts"). A copy of the Sale Motion is enclosed herewith.

PLEASE TAKE FURTHER NOTICE that an evidentiary hearing (the "Sale Hearing") on the relief requested in the Sale Motion (among other things, to authorize the assumption and assignment of the Assumed Executory Contracts) will be held on April 14, 2010 at 10:30 a.m. (prevailing Eastern time) before the Honorable Mary F. Walrath, at the United States District Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT, PURSUANT TO THE SALE MOTION AND CONSISTENT WITH THE SALE PROCEDURES ORDER, THE DEBTOR INTENDS TO ASSUME AN EXECUTORY CONTRACT OR UNEXPIRED LEASE TO WHICH <u>YOU MAY BE A PARTY</u>. THE ASSUMED EXECUTORY CONTRACT IS DESCRIBED ON <u>EXHIBIT 1</u> ATTACHED TO THIS NOTICE. THE AMOUNT SHOWN ON <u>EXHIBIT 1</u> HERETO AS THE "CURE AMOUNT" IS THE**

AMOUNT, IF ANY BASED UPON THE DEBTOR'S BOOKS AND RECORDS, WHICH THE DEBTOR ASSERTS IS OWED TO CURE ANY DEFAULTS EXISTING UNDER THE ASSUMED EXECUTORY CONTRACT AS OF THE DATE SHOWN ON SUCH EXHIBIT.

PLEASE TAKE FURTHER NOTICE that if you disagree with the Cure Amount shown for the Assumed Executory Contract on **Exhibit 1**, you must file in writing with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801, an objection on or before 12:00 p.m. prevailing Eastern time on April 9, 2010. If a contract or lease is assumed and assigned pursuant to this Court's order approving same, then unless you properly and timely file and serve an objection to the Cure Amount contained in this Notice, you shall receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, with payment made pursuant to the terms of the applicable purchase and sale agreement for the assets.

PLEASE TAKE FURTHER NOTICE that if you have any other objection to the Debtor's assumption and assignment of the Assumed Executory Contract to which you may be a party or to the Sale Motion, you also must file that objection in the manner and by the date and time stated above; provided, however, that you may raise at the Sale Hearing an objection to the assumption and assignment of the Assumed Executory Contract *solely* with respect to the Winning Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract. In addition, any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you.

PLEASE TAKE FURTHER NOTICE that any objection so filed must be served so as to be received by that same date and time upon the following parties: (i) the Debtor's counsel, Christopher Simon and Kevin Mann, Cross & Simon LLC, 913 N. Market St., 11th Floor, Wilmington, DE 19899-1380; (ii) DIP Lender's counsel, Filiberto Agusti and Joshua Taylor, Steptoe & Johnson LLP, 1330 Connecticut Ave, NW, Washington DC 20036, (iii) counsel to Cadim, Victor G. Milione, Esq, Nixon Peabody, LLP, 100 Summer Street, Boston, Massachusetts, 02110-2131 (collectively, the "Notice Parties").

PLEASE TAKE FURTHER NOTICE that the Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under section 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory Contract, as will be provided in the Sale Motion. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to section 365(b) of the Bankruptcy Code at the Sale Hearing. Cure Amounts disputed by any counterparty will be resolved by the Court at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that, except to the extent otherwise provided in the applicable purchase and sale agreement, subject to the payment of any Cure Amounts, the assignee of the Assumed Executory Contracts will not be subject to any liability to you that may be accrued or arisen before the closing date of the sale of the assets and the Debtor shall be relieved of all liability accruing or arising thereafter pursuant to section 365(k) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITH NO FURTHER NOTICE.**

**ANY NON-DEBTOR PARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.**

Dated: _____, 2010

CROSS & SIMON, LLC

_____
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
913 N. Market St.
11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
Ph: (302) 777-4200
Fax: (302) 777-4224
kmann@crosslaw.com

*Proposed Counsel for Debtor and Debtor in Possession*

Exhibit 1

| Counterparty | Executory Contract or Unexpired Lease to be Assumed | Cure Amount (as of _____) |
|---|---|---|
| | | |